1  Paul C. Evans
2  **BAKER & MCKENZIE LLP**
   452 Fifth Avenue
3  New York, NY 10018
   Telephone: +1 212 626 4361
4  Facsimile: +1 212 310 1600
5  paul.evans@bakermckenzie.com

6  Deborah O. Olaleye (Bar No. 315838)
   **BAKER & MCKENZIE LLP**
7  10250 Constellation Blvd., Suite 1850
   Los Angeles, CA 90067
8  Telephone: +1 310 201 4728
9  Facsimile: +1 310 201 4721
   deborah.olaleye@bakermckenzie.com
10
11 Attorneys for Defendants
12 AIR PRODUCTS WEST COAST HYDROGEN LLC and
   AIR PRODUCTS AND CHEMICALS, INC.
13

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANASHA HARDEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>AIR PRODUCTS WEST COAST HYDROGEN LLC, Delaware Limited Liability Company; AIR PRODUCTS AND CHEMICALS, INC., a Delaware Corporation and DOES 1 through 100, Inclusive<br><br>Defendants. | CASE NO.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT BY DEFENDANTS AIR PRODUCTS AND CHEMICALS, INC. AND AIR PRODUCTS WEST COAST HYDROGEN LLC**<br><br>[28 U.S.C. §§ 1331, 1441, 1446]<br><br>Los Angeles County Superior Court Case No. 22STCV03922<br>Complaint Filed: February 1, 2022<br>[Filed Concurrently With:<br>(1) Corporate Disclosure Statement;<br>(2) Civil Case Cover Sheet; and<br>(3) Notice of Interested Parties] |

**TO THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants AIR PRODUCTS AND CHEMICALS, INC. and AIR PRODUCTS WEST COAST HYDROGEN LLC (collectively, "Defendants") hereby notice the removal of the above-captioned suit from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division (the "District Court"). This removal is based on 28 U.S.C. §§ 1441(a) and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C § 1331 (federal question jurisdiction).

As required by 28 U.S.C. § 1446(d), Defendants are filing in the Superior Court of the State of California, County of Los Angeles, and serving upon Plaintiff and her counsel of record, a <u>Notice To State Court and Adverse Parties of Removal of Civil Action To Federal Court</u> (with these removal papers attached). A true and correct copy of said Notice without its attachments is attached hereto as **Exhibit A**.

In support of this Notice to Federal Court of Removal of Civil Action, Defendants state the following:

**I.      STATE COURT PROCEEDINGS**

1. On or about February 1, 2022, Plaintiff Tanasha Harden ("Plaintiff" or "Harden") filed a putative class action Complaint in the Superior Court of California, County of Los Angeles which is captioned as follows: *Tanasha Harden, an individual v. Air Products West Coast Hydrogen LLC; Air Products and Chemicals, Inc.; and Does 1 through 100, inclusive*, designated as Case No. 22STCV03922. A true and correct copy of the Complaint served on Defendants on February 3, 2022 is attached hereto as **Exhibit B** (hereinafter the "Complaint") and incorporated herein by reference. A true and correct copy of the Proof of Service of Summons is attached hereto as **Exhibit C**.

///

2
NOTICE OF FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT

2.	Defendants were served with a copy of the Summons and Complaint on February 3, 2022.  (*See* Exhibit C.)

3.	Plaintiff's Complaint alleges a single cause of action for: (1) Failure to Provide Proper Disclosure in Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act).

4.	In addition to her own claim, Plaintiff seeks to represent an FCRA class comprising of "[a]ll of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action." (*See* Complaint ¶ 12.)

5.	In her Complaint, Plaintiff states that she is a resident of the State of California and was employed by Defendants.  (*See* Complaint ¶¶ 6, 20.)

6.	Plaintiff seeks actual damages, restitution, injunctive relief, prejudgment interest, statutory penalties, civil penalties, attorneys' fees and costs of suit, among other damages.  (*See* Complaint, Prayer for Relief.)  Plaintiff's Complaint is otherwise silent as to the value of relief sought by way of this action.

7.	On February 23, 2022, the Clerk of the Los Angeles County Superior Court filed an Initial Status Conference Order.  A true and correct copy of the Initial Status Conference Order is attached hereto as **Exhibit D**.

8.	Defendants filed a timely Answer to Plaintiff's Complaint on March 4, 2022.  A true and correct copy of Defendants' Answer is attached hereto as **Exhibit E**.

9.	To the best of Defendants' knowledge, no further proceedings have been filed in the State Court Action, and the papers described above constitute all process, pleadings and orders served and/or filed in the State Court Action.

## II.	TIMELINESS OF REMOVAL

10.	As Plaintiff served the Complaint upon Defendants on February 3, 2022, the instant Notice to Federal Court of Removal of Civil Action is timely filed because

it is made within thirty (30) days after the receipt by Defendants of a copy of the initial pleading which sets forth the removable claim. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove commences upon service of the summons and complaint); Federal Rule of Civil Procedure, Rule 6(a)(1)(C); (*See* Exhibits B-C).

### III. JURISDICTION AND VENUE

11. This is a suit of a wholly civil nature brought in a California court. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 84, this Court embraces the Superior Court of the State of California for the County of Los Angeles. Accordingly, venue is appropriate in this Court for the purposes of this removal pursuant to 28 U.S.C. §§ 84(a), 1391, 1441(a) and 1446.

### IV. REMOVAL JURISDICTION PURSUANT TO FEDERAL QUESTION

12. This Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) as Plaintiff's Complaint refers to and arises out of alleged violations of a federal statute, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Specifically, Plaintiff's Complaint asserts that Defendants violated the FCRA by allegedly procuring or causing to be procured credit and background reports for employment purposes without making the required disclosure in a document that allegedly was "embedded with extraneous information, and not clear and unambiguous disclosures in stand-alone documents, [that] do not meet the requirements under the law." (*See, e.g.,* Complaint, ¶¶ 30-32.)

///

///

///

## V.   CONCLUSION

13.   Based upon the foregoing, Defendants submit that it has proven by more than a preponderance of evidence that the District Court may exercise original jurisdiction over this action.

### NOTICE TO PLAINTIFF AND THE STATE COURT

14.   Contemporaneously with the filing of this Notice to Federal Court of Removal of Civil Action, as required by 28 U.S.C. § 1446(b), Defendants are providing Plaintiff, through her counsel, with written notice of the removal.

15.   Further, Defendants are also concurrently filing a copy of the Notice to Federal Court of Removal of Civil Action with the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §1446(d).

Dated: March 4, 2022                                    **BAKER & MCKENZIE LLP**

By: *Deborah Olaleye* (signature)
Deborah O. Olaleye
Attorneys for Defendants
AIR PRODUCTS WEST COAST HYDROGEN LLC and
AIR PRODUCTS AND CHEMICALS, INC.

5
NOTICE OF FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT