UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-01501-AB (ASx) | Date: | April 14, 2022 |
|---|---|---|---|

| Title: | *Tanasha Harden v. Air Products West Coast Hydrogen LLC,* et al. |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GIVING PLAINTIFF LEAVE TO AMEND HER COMPLAINT

Before the Court is Plaintiff Tanasha Harden's ("Plaintiff") Motion to Remand Case to State Court ("Motion"). (Dkt. No. 16). Defendants Air Products West Coast Hydrogen LLC and Air Products and Chemicals, Inc. ("Defendants," collectively) filed an Opposition ("Opp'n"), (Dkt. No. 18), and Plaintiff filed a Reply ("Reply"), (Dkt. No. 20). The Court deems this matter fit for resolution without oral argument and therefore **VACATES** the hearing set for April 15, 2022. For the following reasons, the Court now **DENIES** Plaintiff's Motion. However, the Court gives Plaintiff leave to amend her Complaint, in a way that may ultimately require that this action be remanded to state court.

**I. BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint ("Complaint"). (Dkt. No. 1-2). Plaintiff was one of Defendants' employees from August 2020 to June 2021, when her employment with Defendants ended. (*Id.,* ¶

20). When Plaintiff applied for employment with Defendants, they performed a "background investigation" on her. (*Id.*, ¶ 21). Although Defendants conducted such an investigation, Plaintiff alleges that they "did not provide legally compliant disclosure and authorization forms." (*Id.*, ¶ 22). For this reason, Plaintiff brings a single cause of action against her former employer, for failure to provide proper disclosure in violation of the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681 *et seq.*). (*Id.* at 4). Plaintiff brings this cause of action "individually and on behalf of all [other] similarly situated current, former and prospective employees," since Plaintiff alleges that Defendants "routinely acquire . . . [consumer reports] . . . to conduct background checks on . . . employees . . . without providing proper disclosures and obtaining proper authorization in compliance with the law."

Plaintiff filed this case on February 1, 2022, in the Superior Court of California for the County of Los Angeles. (*Id.* at 9). On March 4, 2022, Defendants removed the case to the Central District of California, and the matter was ultimately assigned to this Court. (Dkt. Nos. 1, 12). On March 17, 2022, Plaintiff filed this Motion, seeking to remand the action to state court for lack of standing.

## II.   LEGAL STANDARD

To bring suit in federal court, a party must meet the standing requirement of Article III of the US Constitution. Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016).

The "irreducible constitutional minimum" of standing consists of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and, (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338. "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id.*

## III.   DISCUSSION

### a.  Particularity and Concreteness

Defendants removed this action to federal court on the basis that it arises under a federal statute, namely the FCRA, and that this brings the action under the Court's original jurisdiction under 28 U.S.C. § 1331. (Notice of Removal, Dkt. No. 1, ¶ 12). Plaintiff does not dispute that this case arises under the FCRA. (Motion at 4).

Rather, Plaintiff contends that this action falls short of Article III's standing requirement. (*Id.*) In particular, Plaintiff argues that the first element of standing, injury in fact, is not met here, since Plaintiff's Complaint does not allege "an injury that is both 'concrete and particularized.'" (Motion at 3, quoting *Spokeo*, 578 U.S. at 339). Defendants disagree, claiming that "Plaintiff pleads facts sufficient to establish an 'injury-in-fact' to confer standing under Article III." (Opp'n at 6).

The Supreme Court has clarified that an injury is *particularized* when it affects a plaintiff in "a personal and individual way," *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560 n. 1), such that the plaintiff personally suffers an actual or threatened injury, *Spokeo*, 578 U.S. at 339 (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982)).

Moreover, for an injury to be *concrete*, "it must actually exist;" it must be real. *Spokeo*, 578 U.S. at 340. However, this should not be taken to mean that the injury in question must be tangible. *Id.* In determining whether an intangible harm constitutes an injury in fact, courts are instructed to consider (i) whether the harm "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," and also (ii) whether Congress has judged that the harm in question meets the minimum requirements of Article III. *Id.* at 340–41.

That said, an intangible harm will not count as an injury in fact simply because (i) a federal statute has granted someone a statutory right not to be harmed in that particular way, and (ii) the statute authorizes the harmed person "to sue to vindicate that right." *See id.* at 341. For instance, if a plaintiff alleges a "bare procedural violation," involving the deprivation of a procedural right, but if the deprivation touches none of the plaintiff's concrete interests, the statutory violation will not constitute a concrete injury and there will be no injury in fact. *Id.*

The Supreme Court applied these clarifications to the FCRA, explaining that the plaintiff in *Spokeo* would not be able to satisfy Article III's injury-in-fact requirement "by alleging a bare procedural violation," and that "violation of one of the FCRA's procedural requirements may result in no harm." *Id.* at 342.

### b.  Procuring Consumer Reports for Employment Purposes

"The FCRA imposes a host of requirements concerning the creation and use of consumer reports." *Spokeo*, 578 U.S. at 335. Plaintiff claims to seek

"compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA," but Plaintiff's sole cause of action is in fact focused on one part of the FCRA: 15 U.S.C. § 1681b(b)(2)(A).[1]

Section 1681b(b)(2)(A) includes several procedural requirements concerning the procurement of consumer reports. In order to procure a consumer report with respect to the employment of a particular consumer, the person seeking to procure the report must make a written disclosure to the consumer, "that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)–(A)(i). Moreover, this disclosure (i) must be made before the report in question is procured, (ii) must be made "in a document that consists solely of the disclosure," and (iii) must be "clear and conspicuous." *Id.* Finally, the consumer must give written authorization for the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(ii). Typically, unless all of these conditions are met, a person may not procure a consumer report in relation to the employment of a consumer.[2]

Plaintiff alleges violations of many of the above requirements. She claims that Defendants embed their "purported disclosures" with "extraneous information" and fail to make disclosures in "stand-alone documents," (Complaint, ¶ 32), despite the statutory requirement though any such disclosure be made "in a document that consists solely of the disclosure." She also claims that the the disclosures fail to be "clear and unambiguous," (*id.*), even though the applicable statute requires that any such disclosure be "clear and conspicuous." Finally, Plaintiff alleges that Defendants have a policy of procuring consumer reports for applicants and employees, "without informing them of their right to request a summary of their rights under the FCRA," and that they procures a consumer report for Plaintiff without informing her of these rights. (*Id.*, ¶ 38).

Plaintiff states that the above policies and actions injured her, such that her "privacy and statutory rights" were "invaded in violation of the FCRA." (*Id.*, ¶ 40). Moreover, the Complaint states that Plaintiff is seeking remedies including "statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs." (*Id.*, ¶ 41). Plaintiff also seeks "restitution" and "monetary damages." (*Id.* at 8; *id.*, ¶ 3).

---

[1] The Complaint also includes two references to 15 U.S.C. § 7001(c), though Plaintiff does not clearly explain the significance of this statute. (Complaint, ¶¶ 15, 30).
[2] 15 U.S.C. § 1681b(b)(2)(B) includes a limited exception to the above, permitting oral, written, or electronic disclosures and authorizations, in cases involving applications for employment "by mail, telephone, computer, or other similar means." 15 U.S.C. § 1681b(b)(2)(B).

### c. Informational Rights, Privacy Rights, and Economic Injury

In *Spokeo*, the Supreme Court stated that violations of the FCRA's procedural requirements may result in no harm. 578 U.S. at 342. Therefore, if Plaintiff's Complaint merely alleges a "bare procedural violation," then Plaintiff has not alleged an injury in fact and federal question jurisdiction is lacking in this case. *See id.* This is precisely the view Plaintiff takes in her Motion. Plaintiff argues that her Complaint "does not assert any economic or other concrete injury," and then points to similar cases in which district courts chose to remand for lack of an injury in fact. (Motion at 4–5).

Defendants disagree on two grounds. First, they note that Plaintiff alleges "injuries to [her] substantive informational and privacy rights," and then argue that such deprivations constitute injuries in fact. (Opp'n at 6). Second, they argue that Plaintiff alleges more than a bare procedural violation, since her decision to seek certain types of damages and restitution imply she suffered an actual, economic injury. The Court considers each of these arguments in turn. (*Id.*).

In 2017, the Ninth Circuit clearly stated that the disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) "creates a right to information" (since it requires that prospective employers make disclosures to consumers, prior to procurement of consumer reports) and that the authorization requirement in 15 U.S.C. § 1681b(b)(2)(A)(ii) "creates a right to privacy" (since it gives job applicants the power to stop employers from procuring consumer reports). *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017). Moreover, it stated that "[i]f job applicants are deprived of their ability to meaningfully authorize the credit check," the authorization requirement "creates . . . a concrete injury." *Id.* Finally, the Ninth Circuit interpreted Congress's decision to provide a private cause of action for violations of § 1681b(b)(2)(A) in the following way: (i) as Congress's recognition of the harms caused by such violations, and (ii) as Congress's statement that such harms, if properly pled, meet the standing requirements of Article III. *See id.*

At no point in her Complaint does Plaintiff expressly allege a violation of the right to information, and Plaintiff's sole mention of the right to privacy is not accompanied by clarifying allegations. (*See* Complaint, ¶ 40). Therefore, the Court looks to the rest of Plaintiff's Complaint to determine whether Plaintiff has in fact alleged violations of her § 1681b(b)(2)(A)-based informational and privacy rights.

At the beginning of her Complaint, Plaintiff alleges that Defendants procured and used consumer reports "without providing proper disclosures . . . in compliance with

the law." (Complaint, ¶ 2; *see also id.*, ¶ 22). In one instance, Plaintiff also refers to Defendants' disclosures as "purported disclosures." (*Id.*, ¶ 32).

At later points, Plaintiff alleges that the disclosure was improper because it (i) was not made in a stand-alone document, (*Id.*, ¶¶ 15(B), 32), (ii) did not identify the name, address, telephone number, and/or website of the consumer reporting agency in question, (*Id.*, ¶ 15(C)), (iii) included extraneous information (such as unnecessary disclaimers, requirements to include extensive background information, and misleading information concerning Plaintiff's right to request a witten summary of her rights under the FCRA), (*Id.*, ¶¶ 32, 36, 38), and (iv) failed to be clear and conspicuous (*Id.*, ¶¶ 32, 36).

Notably, none of these allegations state that a disclosure was lacking. On the contrary, Plaintiff's allegations make clear that the requisite disclosure was made. (*See id.*, ¶¶ 32, 36, 38). Moreover, despite the allegation that the disclosure failed to be clear and conspicuous, Plaintiff does not allege that this failure caused Plaintiff to miss the disclosure or misunderstand it.

The plaintiff in *Syed*, by contrast, alleged facts indicating he had signed an authorization form without understanding that he was authorizing his employer to check his credit. *Syed*, 853 F.3d at 499. Since the plaintiff had signed the form without understanding its significance or potential effects, the Ninth Circuit concluded that the plaintiff had been deprived of his right to information. *Id.* The Ninth Circuit also inferred that the plaintiff would not have signed the authorization forms, had he understood their significance. *Id.* at 499–500.

There are no similar allegations in this case. Where lack of clarity is alleged, there are no allegations that the lack of clarity confused or misled Plaintiff. Where it is alleged that information about the consumer reporting agency was deficient, Plaintiff does not allege that this deficiency prevented Plaintiff from understanding that Defendants were seeking authorization to procure and use a consumer report. Moreover, nothing in the Complaint suggests that Plaintiff would not have signed the forms, had the disclosure fully met the FCRA's requirements. Therefore, Plaintiff's Complaint does not suggest that Plaintiff was deprived of her right to information.

As for the right to privacy, the Complaint begins by alleging that Defendants procured and used consumer reports "without . . . obtaining proper authorization in compliance with the law." (Complaint, ¶ 2; *see also id.*, ¶ 22). Later in the Complaint, Plaintiff refers to the authorization as a "purported authorization." (*Id.*, ¶ 37(B)). Finally, Plaintiff states that her "privacy and statutory rights [were] invaded

in violation of the FCRA." This is the extent of Plaintiff's allegations concerning the authorization requirement.

Plaintiff neither alleges (i) that she failed to provide the requisite authorization, nor (ii) that she signed an authorization form but was unable to "meaningfully authorize" procurement of a consumer report. *See Syed*, 853 F.3d at 499. Rather, the Complaint suggests that Plaintiff knowingly authorized procurement. Neither Plaintiff's use of the term "purported authorization," nor the bare allegation that her privacy rights were violated are sufficient, on their own, to suggest that Plaintiff was deprived of her right to privacy.

Since Plaintiff's Complaint neither alleges deprivation of the right to information nor deprivation of the right to privacy, Defendants' first argument for the presence of an injury in fact fails. So far, Plaintiff's Complaint appears to allege a bare procedural violation of the FCRA.

Defendants' remaining argument is that Plaintiff alleges more than a bare procedural violation, since her decision to seek certain types of damages and restitution imply she suffered an actual, economic injury. As Defendants note, the Ninth Circuit has held that economic injury is "quintessential injury-in-fact," such that an allegation of economic injury automatically counts as an allegation of injury in fact. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011). (Opp'n at 10). By this standard, Plaintiff's Complaint pleads an injury in fact. After all, Plaintiff's Complaint expressly seeks "monetary damages" and "restitution," (Complaint, ¶¶ 4, 19; *id.* at 8) Moreover, Plaintiff expressly seeks "actual," "compensatory," and "punitive damages," (*Id.*, ¶¶ 3, 41), suggesting that Plaintiff suffered some sort of injury, whether economic or otherwise.

Given Plaintiff's decision to expressly seek such damages, the Court would ordinarily be inclined to find that an injury in fact has been alleged. However, in her Motion, Plaintiff states the following: "Plaintiff is . . . not seeking any actual damages but only penalties for a willful violation of the statute. Plaintiff can and does disclaim any claim for actual damages." (Motion at 5). In her Reply, Plaintiff adds the following: "Plaintiff's [C]omplaint references entitlement to actual damages but, as established aboved, Plaintiff does not allege any conduct that would entitle her to such damages. Further, Plaintiff has expressly disclaimed any entitlement [sic] or that she is seeking actual damages . . ." (Reply at 2).

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading "with the court's leave." Therefore, the Court now gives Plaintiff leave to amend its

Complaint, in order to remove any references to actual damages, compensatory damages, punitive damages, or restitution, as well as to anything else suggesting Plaintiff suffered an economic injury. If Plaintiff chooses not to amend, this case will remain before the Court, on the basis that Plaintiff has alleged an economic injury and has thereby alleged an injury in fact. However, if Plaintiff amends in a way that makes clear no economic injury is being alleged, the Court will remand the action to state court.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion but **gives Plaintiff leave to amend** her Complaint. If Plaintiff amends properly, the Court will remand the action to State Court. Plaintiff must amend her complaint within **fifteen (15) days** of this order's issuance.

**IT IS SO ORDERED**.