Bruce Kokozian, Esq. (SBN 195723)
bkokozian@kokozianlawfirm.com
Alex DiBona, Esq. (SBN 265744)
dibona@kokozianlawfirm.com
**KOKOZIAN LAW FIRM, APC**
10940 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Telephone Number: (323) 857-5900
Fax Number: (310) 275-6301

Attorneys for Plaintiff
TANASHA HARDEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANASHA HARDEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>AIR PRODUCTS WEST COAST HYDROGEN LLC, a Delaware Limited Liability Company; AIR PRODUCTS AND CHEMICALS, INC., a Delaware Corporation, and DOES 1 through 100, Inclusive<br><br>Defendants. | Case No. 2:22−cv−01501−AB (ASx)<br><br>**<u>CLASS ACTION</u>**<br><br>**FIRST AMENDED COMPLAINT**<br><br>1.  Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);<br><br>**JURY TRIAL DEMANDED**<br><br>Assigned for All Purposes to the Honorable Andre Birotte Jr.<br><br>Complaint Filed: February 1, 2022<br><br>Trial Date: None Yet |

FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff TANASHA HARDEN ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action against defendants AIR PRODUCTS WEST COAST HYDROGEN LLC, AIR PRODUCTS AND CHEMICALS, INC., and DOES 1 through 100, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA").

2.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.    Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks statutory and civil penalties due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*).

## JURISDICTION AND VENUE

4.    The amount sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

5.    Venue is proper in Los Angeles County pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose in the county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

## PARTIES

1

6.     Plaintiff is, and at all relevant times mentioned herein was, an individual residing in the State of California and a resident of the state of California, County of Los Angeles.

7.     Defendant AIR PRODUCTS WEST COAST HYDROGEN LLC. is, and at all relevant times mentioned herein was, a Delaware Limited Liability Company organized and existing under the laws of Delaware and doing business in the State of California. Defendant AIR PRODUCTS AND CHEMICALS, INC. is, and at all relevant times mentioned herein was, a Delaware Corporation organized and existing under the laws of Delaware and doing business in the State of California.

8.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereupon alleges that the defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

9.     Plaintiff is informed and believes and thereupon alleges that, at all relevant times mentioned herein, all defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

10.     Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that the alleged acts and failures to act were within the course and scope of the agency, employment and/or direction and control.

## CLASS ALLEGATIONS

11.     This action is brought and may be maintained as a class action pursuant

to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12. **Class Definitions:**  The classes are defined as follows:

> **FCRA Class:**  All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

13. **Reservation of Rights:**  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14. **Numerosity:**  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:**  Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members.  These questions include, but are not limited to:

    A.    Whether Defendants failed to comply with the requirements of 15 U.S.C. § 7001 section 101(c)(1);

    B.    Whether Defendants willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates;

    C.    Whether Defendants willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation;

FIRST AMENDED CLASS ACTION COMPLAINT

D.   Whether Defendants willfully failed to identify the source of the credit report to be performed;

E.   Whether Defendants willfully failed to comply with the FCRA.

16.   **Typicality:**  Plaintiff's claims are typical of the other class members' claims.  Plaintiff is informed and believes and thereupon alleges that Defendants have a policy, practice or lack of a policy or practice which resulted in Defendants failing to comply with the FCRA as alleged herein.

17.   **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that Plaintiff has no interests that are adverse to, or otherwise in conflict with, the interests of the absent class members.  Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members.  Plaintiff will fairly and adequately represent and protect the interests of class members.

18.   **Adequacy of Class Counsel:**  Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.   **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the amounts due as statutory or civil penalties under the FCRA to individual class members are likely to be relatively small and would therefore make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of penalties owed to them.  Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

FIRST AMENDED CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20.    Plaintiff was employed with Defendants beginning on or about August 2020 and whose employment ended on or June 2021.

21.    When Plaintiff applied for employment, Defendants performed a background investigation on Plaintiff.

22.    Based upon information and belief, Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and the putative class.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA
### (15 U.S.C. §§ 1681b(b)(2)(A))
### (Plaintiff and FCRA Class Against All Defendants)

23.    Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

24.    Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

25.    Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

26.    Section 1681a(d)(1) of the FCRA defines "consumer report" as:

> "The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
> (B) employment purposes; or
> (C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

27.    Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> "The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained

through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

28.    Section 1681b(b)(2)(A) of the FCRA provides:

Conditions for furnishing and using consumer reports for employment purposes
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–

(i) A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

29.    Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

30.    Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

31.    Plaintiff alleges, upon information and belief, that in evaluating Plaintiff and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

32.    The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information,  and are not clear and unambiguous disclosures in stand-alone documents. Extraneous information within

FIRST AMENDED CLASS ACTION COMPLAINT

the disclosure includes, but is not limited to, misleading information of the applicant's rights under section of the FCRA, having the applicant fill out extensive background information and placing a disclaimer regarding the use of the background information that is being provided.

33.    Under the FCRA, it is unlawful to procure or cause to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. (15 U.S.C. §1681b(b)(2)(A)(i)-(ii).)  The inclusion of other extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

34.    Although the disclosure and authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> "The disclosure may not be part of an employment application because the language [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information.  The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure."

35.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C. section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

36.    By including other extraneous information, Defendants willfully disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate" and therefore violates

sections 1681b(b)(2)(A) and 1681d(a).

37.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful.  Defendants' acts are in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members.  Defendants' willful conduct is reflected by, among other things, the following facts:

A.    Defendants are a large corporation with access to legal advice;

B.    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

38.    Based upon the facts likely to have evidentiary support after a reasonable opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.  Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

39.    Accordingly, Defendants willfully violated and continue to violate the FCRA, including but not limited to, sections 1681b(b)(2)(A) and 1681d(a).  Defendants' willful conduct is reflected by, among other things, the facts set forth above.

40.    As a result of Defendants' unlawful procurement of credit and background reports by way of their inadequate disclosures, as set forth above,

Plaintiff and class members are entitled to statutory and civil penalties under the
FCRA.

    41.    Plaintiff, on behalf of herself and all class members, seeks only some of
the available remedies pursuant to 15 U.S.C. section 1681n, including statutory and
civil damages non-restitutionary injunctive and equitable relief and attorneys' fees
and costs.

    42.    Plaintiff's alleges these violations were willful and seeks relief only on
this basis. Plaintiff does not seek actual/compensatory or economic damages.

## PRAYER FOR RELIEF

    WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated,
prays for relief and judgment against Defendants as follows:

            A.    An order that the action be certified as a class action;

            B.    An order that Plaintiff be appointed class representative;

            C.    An order that counsel for Plaintiff be appointed class counsel;

            D.    Statutory penalties;

            E.    Civil penalties;

            F.    Injunctive relief;

            G.    Costs of suit;

            H.    Interest;

            I.    Reasonable attorneys' fees; and

            J.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

    Plaintiff, on behalf of herself and all others similarly situated, hereby demands
a jury trial on all issues so triable.

Dated:  April 19, 2022              Kokozian Law Firm, APC

                                   /s/ Bruce Kokozian
                                   _____
                                   Bruce Kokozian, Esq.
                                   Attorneys for Tanasha Harden

FIRST AMENDED CLASS ACTION COMPLAINT